### 11374

### STATE v. BARTON

(120 S. E., 489)

1. CRIMINAL LAW—IN ABSENCE OF REQUEST AND SUPPORTING EVIDENCE, FAILURE TO CHARGE NOT ERROR.—In a prosecution for assault and battery with intent to kill, where there was no request to charge the law as to accidental shooting and no evidence to support such a charge, failure to give such a charge is not error.

2. HOMICIDE—EVIDENCE HELD TO SHOW MOTIVE.—In a prosecution for assault and battery with intent to kill, evidence that defendant shot his sister in-law when she refused' to live with him *held* to show motive.

3. HOMICIDE—EIGHT YEARS NOT EXCESSIVE FOR SHOOTING WITH INTENT TO KILL.—Eight years *held* not excessive punishment for a conviction based on evidence that defendant shot his sister-in-law with intent to kill her.

Before Chas. Carrol Simms, Special Judge, Greenville, 1923. Affirmed.

Posey Barton, convicted of assault and battery appeals.

*Mr. J. Robert Martin,* for appellant, cites: *Judge must not charge on facts but shall declare the law:* Const. 1895, Art. 5, Sec., 26; Const. 1868, Art. 4, Sec., 26; 68 S. C., 429; 58 S. C., 94; 109 S. C., 253; 67 S. C., 330. *In Common Law crime intent is essential:* 118 S. C., 337, 338.

*Mr. David W. Smoak, Solicitor,* for the State, cites: *Party must present request to charge in order to avail himself of failure of Judge to charge:* 15 S. C., 118; 18 S. C., 605; 19 S. C., 20; 24 S. C., 101; 32 S. C., 149; 33 S. C., 100; 34 S. C., 41; 34 S. C., 311; 35 S. C., 467; 36 S. C., 49; 39 S. C., 27; 39 S. C., 33; 56 S. C., 126; 57 S. C., 427; 58 S. C., 47; 60 S. C., 9; 54 S. C., 192; 60 S. C., 153; 72 S. C., 411; 72 S. C., 424; 76 S. C., 116; 84 S. C., 575; 85 S. C., 64; 86 S. C., 64; 88 S. C., 98; 109 S. C., 151. *Refusal to charge inapplicable law is not error:* 16 S. C., 453; 20 S. C., 258; 29 S. C., 113; 32 S. C., 17; 13 S. C., 83; 35 S. C., 340; 38 S. C., 333; 65 S. C., 539; 66 S. C., 449; 74 S. C., 477.

December 13, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant was convicted of assault and battery, with intent to kill his sister-in-law, Mrs. Will Barton. The undisputed facts are that the appellant went to the house of his brother, Will Barton, in the night time, and carried with him a bottle of whisky. He knocked at his brother's door and was admitted. Posey Barton and his brother, Will, drank the whisky and then went out in search of and obtained more whisky, which they brought home with them. They killed, cooked, and ate a chicken and drank the whisky. Mrs. Barton, the wife of Will Barton, was in the only bed

in the room with her infant child. Will Barton was more completely under the influence of whisky, as is said, "dead drunk." Posey Barton was drunk, but not down and out. Mrs. Barton ran from the house after daylight, leaving her infant child, and stopped a passing automobile and got the driver to take her away for help, as she had been shot through the body. Before she reached the hospital, she became unconscious and remained in the hospital for some weeks.

The question in the case was: Who shot Mrs. Barton? Mrs. Barton testified that Will was lying on the floor in a deep sleep, and unconscious from the whisky or a lick which Posey had hit him. The case shows that Mrs. Barton testified:

"Q. What had he said before he shot you, about living with him? A. He asked me was I going to live with him, and not with his brother? Q. What did he mean by that? A. I don't know, sir; I told him I would live with Will. Q. Was that the time he shot you? A. Yes, sir. Q. Were you doing anything to him? A. No, sir; only sitting by the fire. Q. Which arm did you have the baby on? A. Its head was on this arm. Q. Was it asleep? A. No, sir; it was not asleep. Q. Was it smiling? A. It was smiling."

Posey Barton denied that he shot Mrs. Barton, and said that he went out of the house to get some water, and when he returned Mrs. Barton told him she had been shot.

The question in the case was one of fact: Who shot Mrs. Barton? The jury found that Posey Barton shot her, and convicted him. From this conviction Posey has appealed and raises three questions.

The appellant's first assignment of error is that the trial Judge erred in failing to charge the law as to accidental shooting. There was no request to charge that law and absolutely no evidence in the case upon which a verdict of accidental shooting could have been based. The appellant's only hope is that, even if Posey did shoot Mrs. Barton, it was an accident, in that Posey was simply

shooting up the house, and accidently hit Mrs. Barton. There is not a scintilla of evidence to sustain such a finding, and it would not be accident in law, if it were true.

II. The appellant claims that there is an entire absence of motive. Abundant motive may be inferred from the extract quoted from Mrs. Barton's testimony. III. The claim of excessive punishment cannot be sustained. The crime is so loathsome and revolting in its enormity that eight years is not excessive.

The judgment appealed from is affirmed.